# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TOLANDA OSBY, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:07-CV-06085-NKL |
| | ) |
| v. | ) |
| | ) Judge Nanette K. Laughrey |
| CITIGROUP, INC., CITIBANK NA, and | ) |
| CITICORP CREDIT SERVICES, INC. (USA), | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

Rosalee M. McNamara (Local Counsel)
Lathrop & Gage L.C.
2345 Grand Blvd.
Kansas City, MO 64108
Tel.: (816) 460-5604
Fax: (816) 292-2001
e-mail: rmcnamara@lathropgage.com

Sari M. Alamuddin (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Fifth Floor
Chicago, IL 60601
Tel.: (312) 324-1000
Fax.: (312) 324-1001
e-mail: salamuddin@morganlewis.com

Sam S. Shaulson (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6718
Fax: (212) 309-6273
e-mail: sshaulson@morganlewis.com

Counsel for Defendants

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1
ARGUMENT .............................................................................................................................. 3
    I.    Plaintiff's Unjust Enrichment Claim Should be Dismissed Because it is Preempted By the FLSA. .................................................................................. 3
        A.    Plaintiff's Unjust Enrichment Claim Is Based On The Same Core Facts As His FLSA Claim. ................................................................. 3
        B.    Use Of Rule 23 To Adjudicate Common Law Claims That Are, In Effect, Claims Under The FLSA Conflicts With The FLSA's Explicit Opt-In Requirement. ................................................................. 6
    II.    Plaintiff's Rule 23 Unjust Enrichment Claim Should Be Dismissed Because It Is Inherently Incompatible With The FLSA. ...................................... 8
    III.    Litigating Plaintiff's State Law Claim Under Rule 23 Would Violate The Rules Enabling Act By Abridging The Substantive Rights Of Absent Class Members And Defendants. ................................................................. 9
CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*,
  449 U.S. 90 (1980) .................................................................................................................. 7

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................................................................ 10

*Anderson v. Sara Lee Corporation*,
  508 F.3d 181 (4th Cir. 2007)..................................................................................................... 4

Cameron-Grant v. Maxim Healthcare Servs., Inc.,
  347 F.3d 1240 (11th Cir. 2003).................................................................................................. 7

*Chao v. A-One Med. Serv's, Inc.*,
  346 F.3d 908 (9th Cir. 2003)...................................................................................................... 8

*Chen v. Street Beat Sportswear, Inc.*,
  364 F. Supp. 2d 269 (E.D.N.Y. 2005) ....................................................................................... 5

*Choimbol v. Fairfield Resorts, Inc.*,
  2006 WL 2631791, at *4 (E.D. Va. Sept. 11, 2006) .............................................................. 4, 5

*Ellis v. Edward D. Jones & Co.*,
  No. 06-66, 2007 WL 4426615, at *8-*11 (W.D.Pa. Dec. 18, 2007)................................. 2, 8, 9

*Evancho v. Sanofi-Aventis U.S. Inc.*,
  No. 07-2266, 2007 WL 4546100, at *5 (D.N.J. Dec. 19, 2007) ................................................ 9

*Gade v. Nat'l Sold Wastes Mgmt. Ass'n*,
  505 U.S. 88 (1992) ................................................................................................................ 4, 7

*Hisman v. RSR Security Serv's Ltd.*,
  172 F.3d 132 (2d Cir. 1999)....................................................................................................... 4

Hoffman-La Roche, Inc. v. Sperling,
  493 U.S. 165 (1989) .............................................................................................................. 2, 3

*Johnston v. Davis Security, Inc.*,
  217 F. Supp. 2d 1224 (D. Utah 2002)........................................................................................ 5

*Lane v. Peterson*,
  889 F.2d 737 (8th Cir. 1990)...................................................................................................... 7

*Long John Silver's Rests., Inc. v. Cole*,
  No. 05-CV-3039 (D.S.C. Filed Dec. 13, 2005)................................................................... 3, 10

*Moeck v. Gray Supply Corp.*,
  No. 03-1950, 2006 WL 42368, at *2(D. N.J. Jan. 2, 2006) .................................................... 5, 9

*Molina v. Sea-Land Serv's., Inc.*,
  2 F. Supp. 2d 180 (D.P.R. 1997) ............................................................................................... 8

*Morgan v. Speakeasy, LLC*,
  No. 05-CV-5705, 2007 WL 2757170, at *24 (N.D. Ill. Sept. 20, 2007) ................................... 5

*Nettles v. Techplan Corp.*,
  704 F. Supp. 95 (D.S.C. 1988) .................................................................................................. 6

*Otto v. Pocono Health Sys.*,
  457 F. Supp. 2d 522 (M.D. Pa. 2006)........................................................................................ 9

*Petras v. Johnson*,
  No. 92 Civ. 8292, 1993 WL 228014 (S.D.N.Y. June 22, 1993) ................................................ 5

*Prewitt v. Factory Motor Parts, Inc.*,
  747 F. Supp. 560 (W.D. Mo. 1990)........................................................................................... 5

*Roman v. Maietta Construction, Inc.*,
   147 F.3d 71 (1st Cir. 1998) ........................................................................................... 6
*Schmidt v. Fuller Brush Co.*,
   527 F.2d 532 (8th Cir. 1975) ......................................................................................... 8
*Sorensen v. CHT Corp.*,
   Nos. 03-CV-1609 and 03-CV-7362, 2004 WL 442638, at *7 (N.D. Ill. 2004) ......................... 5
*Tombrello v. USX Corp.*,
   763 F. Supp. 541 (N.D. Ala. 1991) ................................................................................. 6

**Statues**
29 U.S.C. § 216(b) ...................................................................................................... *passim*
28 U.S.C. § 2072(b) ................................................................................................ 3, 9, 10, 11

# INTRODUCTION

On August 2, 2007, Plaintiff Tolanda Osby filed a one-count Complaint alleging that Defendants Citigroup, Inc., Citibank NA, and Citicorp Credit Services, Inc. (USA) ("Defendants") violated the Fair Labor Standards Act ("FLSA") by "denying earned wages and overtime pay to its telephone-dedicated hourly employees at its call center facilities." (Cmplt. ¶ 1.) Plaintiff alleged that Defendants have a policy of not paying for all FLSA-compensable time worked, including "preparatory work duties that are integral and indispensable to [employees'] principal work activity." (*Id*. ¶ 3.) He seeks to maintain a purported collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and "all other similarly-situated employees." (*Id*. ¶ 22.) On September 10, 2007, Plaintiff filed an Amended Complaint that corrected the names of the corporate Defendants, but otherwise was identical to his original Complaint.

On January 15, 2008, Plaintiff filed his Second Amended Complaint. The Second Amended Complaint, while otherwise identical to his original and Amended Complaints, brings an additional count. Specifically, Count II of Plaintiff's Second Amended Complaint incorporates and re-alleges his FLSA allegations (Count I) as an unjust enrichment claim under Missouri common law. (S. Amnd. Cmplt. ¶ 43.) Plaintiff seeks to bring this "new" claim as a purported "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure (*id*. ¶¶ 25-32), while maintaining his FLSA claim as a Section 216(b) "opt-in" collective action (*id*. ¶ 22).

Plaintiff's unjust enrichment claim fails as a matter of law. First the claim is preempted by the FLSA. The FLSA provides the exclusive remedies for violation of its provisions. Thus, it is well-established that the FLSA preempts common law claims, such as Plaintiffs' unjust enrichment claim, that recast claims under the FLSA.

The *method* by which Plaintiff seeks to litigate his state law claim – a Rule 23 opt-out class action – is also preempted by the FLSA. Section 216(b)'s opt-in provision specifically precludes any "action to recover the liability prescribed" under the FLSA from being litigated as an opt-out class action. This opt-in requirement was adopted to "limit[] private FLSA plaintiffs to employees who asserted claims in their own right and [to] free[] employers of the burden of representative actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). Plaintiff's attempt to litigate his FLSA claim as an opt-out class action by simply recasting it as a claim for unjust enrichment clearly conflicts with the purposes and objectives of the FLSA's opt-in requirement. In addition, permitting Plaintiff to proceed with an opt-out class action could, through *res judicata*, preclude absent class members who did not opt out of the class action from later asserting their underlying FLSA rights, notwithstanding the absence of written consent. This is precisely the result Congress barred when it enacted Section 216(b)'s opt-in requirement.

For the same reasons, Plaintiff's attempt to litigate his FLSA claim as an opt-out class action under Rule 23 by recasting it as a state law claim is also "inherently incompatible" with the FLSA. Sixty years ago, Congress responded to a flood of "representative" FLSA litigation by amending the FLSA to ban representative actions, and require that plaintiffs seeking to collectively litigate overtime claims file a "written consent" (opt-in) with court. 29 U.S.C. § 216(b). Permitting plaintiffs to litigate overtime claims on an opt-out basis under Rule 23 by pleading an analogous state law claim would nullify the legislative intent embodied in Section 216(b). Accordingly, courts regularly have dismissed as "inherently incompatible" with the FLSA precisely the type of state law class action Plaintiff asserts in this case. *See, e.g., Ellis v. Edward D. Jones & Co.*, No. 06-66, 2007 WL 4426615, at *8-*11 (W.D.Pa. Dec. 18, 2007).

Finally, Plaintiff's attempt to use Rule 23 to adjudicate the FLSA-based claims of absent class members without their written consent violates the Rules Enabling Act ("REA"). The REA prohibits the application of a rule of procedure where such application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Both federal courts and the United States Department of Labor have recognized that Section 216(b)'s written consent requirement created substantive rights – specifically, absent class members' right not to have their FLSA rights adjudicated absent written consent and employers' right not to be subject to FLSA claims of putative plaintiffs who have not affirmatively opted into a collective action. *See Sperling*, 493 U.S. at 173; Secretary of Labor Amicus Letter Brief in *Long John Silver's Rests., Inc. v. Cole*, No. 05-CV-3039 (D.S.C. Filed Dec. 13, 2005) (attached as Exhibit A). Indeed, the authors of Rule 23 themselves recognized that, as a procedural rule, the opt-out provisions of Rule 23 must give way to the express opt-in requirement that Congress created in Section 216(b). *See* Fed. R. Civ. P. 23 Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended.").

For all of these reasons, the Court should dismiss Count II of Plaintiff's Second Amended Complaint and strike the Rule 23 class allegations from Plaintiffs' Second Amended Complaint.

## ARGUMENT

### I. Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because It Is Preempted By The FLSA.

#### A. Plaintiff's Unjust Enrichment Claim Is Based On The Same Core Facts As His FLSA Claim.

In the absence of an express preemption clause, a federal statute preempts state law under the doctrine of implied preemption where the "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of the federal law at issue.

*Gade v. Nat'l Sold Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (quotation/citation omitted). Thus, the FLSA preempts common law claims that "depend on establishing that [the employer] violated the FLSA." *Anderson v. Sara Lee Corporation*, 508 F.3d 181, 193 (4th Cir. 2007) (finding that plaintiff's common law claims should have been brought under the FLSA). In *Anderson*, the plaintiff sought to recover for his employer's alleged failure to pay certain wages under common law theories of negligence, fraud, and breach of contract. *Id.* at 192-93. Because the "FLSA's unusually elaborate enforcement scheme" made clear that the FLSA provides exclusive remedies for violation of its provisions, the *Anderson* court concluded that the FLSA preempted the Plaintiffs' state law claims and affirmed dismissal of plaintiff's common law claims on that basis. *Id.* at 193-94; *see also Hisman v. RSR Security Serv's Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) ("[T]he FLSA's remedial scheme is sufficiently comprehensive as to preempt state [common] law [claims].").

Similarly, in *Choimbol*, plaintiffs alleged that defendants were unjustly enriched "as a result of [d]efendants' permanent withholding of plaintiffs' security deposits which were required as condition for working, and withholding of the complete payment of weekly wages including overtime compensation . . ." *Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791, at *4 (E.D. Va. Sept. 11, 2006). Granting defendants' motion for judgment on the pleadings, the court held that "district courts considering FLSA and common law preemption have instructed . . . [that] it is Congress' clear intent that the FLSA be the sole remedy available to employees for enforcement of whatever rights [they] may have under the FLSA." *Id.* at *5 (quotation omitted). The court explained that the preemption analysis should "focus on whether the factual basis for [the common law] claims essentially duplicate or are equivalent to the plaintiffs' respective FLSA claims." *Id.* (collecting cases). Thus, because plaintiffs' unjust enrichment claim

"recast[] the central claim in [his] case: violation of the FLSA," the court held that it was preempted by the FLSA. *Id.* at *6 (dismissing plaintiffs' other common law claims on this same basis).

As in *Anderson* and *Choimbol*, Plaintiff has recast his FLSA claim as an unjust enrichment claim. Indeed, the unjust enrichment claim incorporates and re-alleges the facts underpinning Plaintiff's FLSA claim. (S. Amnd. Cmplt. ¶ 43.) Thus, Plaintiff's unjust enrichment claim is preempted by the FLSA. *Id.* 194 (finding common law claims preempted because they depended on establishing an FLSA violation); *Choimbol*, 2006 WL 2631791, at *4; *Morgan v. Speakeasy, LLC*, No. 05-CV-5705, 2007 WL 2757170, at *24 (N.D. Ill. Sept. 20, 2007) (finding plaintiff's unjust enrichment claim preempted because it was "based on the same factual assertions as his FLSA claims . . ."); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *2(D. N.J. Jan. 2, 2006) (explaining that common law claims "grounded in the same facts" as an FLSA claim are preempted and dismissing claims on this basis); *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) ("[P]laintiffs' allegations make clear that their negligence causes of action are founded upon the same facts as and therefore are duplicative of the FLSA claims."); *Johnston v. Davis Security, Inc.*, 217 F. Supp. 2d 1224, 1227-28 (D. Utah 2002) (finding unjust enrichment claim preempted because it was "based on the same facts and circumstances as his FLSA claims."); *Prewitt v. Factory Motor Parts, Inc.*, 747 F. Supp. 560 (W.D. Mo. 1990) (dismissing plaintiff's retaliatory discharge claim as fully vindicated under the FLSA's remedial scheme).[1]

---

[1] *See also, Sorensen v. CHT Corp.*, Nos. 03-CV-1609 and 03-CV-7362, 2004 WL 442638, at *7 (N.D. Ill. 2004) ("[Plaintiffs'] unjust enrichment claim is based on the same factual assertions as their FLSA claims. As a result, the common law claim is preempted by the FLSA."); *Petras v. Johnson*, No. 92 Civ. 8292, 1993 WL 228014 (S.D.N.Y. June 22, 1993) (finding common law fraud claim preempted by the FLSA);

Moreover, Count II interferes with the FLSA's exclusive remedial scheme, as Plaintiff seeks the benefit of Missouri's five-year statute of limitations – nearly twice the maximum limitations period provided under the FLSA. *See Anderson*, 508 F.3d at 193 (reasoning that by filing common law claims, plaintiff sought more generous remedies, specifically a longer statute of limitations, than provided under the FLSA's exclusive remedial scheme). "[P]laintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim." *Roman v. Maietta Construction, Inc.*, 147 F.3d 71, 76 (1st Cir. 1998).

### B. Use Of Rule 23 To Adjudicate Common Law Claims That Are, In Effect, Claims Under The FLSA Conflicts With The FLSA's Explicit Opt-In Requirement.

Plaintiff's attempt to litigate his unjust enrichment claim as an opt-out class action is also preempted by the FLSA. As discussed above, state law claims are preempted where their prosecution would conflict with the policy embodied in federal law or "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gade*, 505 U.S. at 98; *see also Anderson*, 508 F.3d 194 (finding common law claims preempted based on "obstacle" preemption). This is true even where the two claims share the same goal, if the prosecution of the state law claim "interferes with the *methods* by which a federal statute was intended to reach this goal." *Gade*, 505 U.S. at 103 (emphasis added). Such is the case here.

In 1947, Congress perceived a national emergency caused by a flood of minimum wage and overtime lawsuits. *See* 93 Cong. Rec. 2, 2,089-98, 2,182 (remarks of Sen. Donnell). In response, it amended the FLSA (vis-à-vis the Portal-to-Portal Act) with the express purpose of

---

*Tombrello v. USX Corp.*, 763 F. Supp. 541, 544-45 (N.D. Ala. 1991) (finding state law claims for "wrongful refusal to pay for work and labor" preempted by the FLSA); *Nettles v. Techplan Corp.*, 704 F. Supp. 95 (D.S.C. 1988) (finding negligence claim preempted by the FLSA).

1-CH/207192.2

6

"limiting private FLSA plaintiffs to employees who asserted claims in their own right and [to] free[] employers of the burden of representative actions." *Sperling*, 493 U.S. at 173. Congress thus prohibited representative actions under the FLSA by amending Section 216(b) to require that all plaintiffs file a written consent to join FLSA lawsuits. *See Cameron-Grant v. Maxim Healthcare Serv's, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (explaining that Congress intended to "prevent[] large group actions, with their vast allegations of liability, from being brought on behalf of employees with no real involvement in, or knowledge of, the lawsuit."). Allowing plaintiffs to side-step Congress's opt-in mandate by simply pleading FLSA-analogous state law claims – as Plaintiff seeks to do in this case – would not only conflict with Congress's goal of reigning in representative FLSA actions, but would also conflict with the method by which Congress intended to reach this goal (i.e., the opt-in requirement). *See Gade*, 505 U.S. at 103.

In addition, permitting Plaintiff's use of Rule 23 would conflict with Congress's mandate that only individuals who affirmatively opt into a case by filing a written consent can be bound by any resulting judgment. Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). This preclusive effect extends even to subsequent claims by plaintiffs based on a different body of law, if the new claim is based on the same nucleus of operative facts as the prior claim. *See Lane v. Peterson*, 889 F.2d 737, 744 (8th Cir. 1990).

Because Plaintiff's unjust enrichment claim is based on the allegations that also support his FLSA claim, the adjudication of the unjust enrichment claim on an opt-out basis will bar both Plaintiff *and absent class members* from asserting FLSA claims. *See, e.g., Chao v. A-One Med.*

1-CH/207192.2

*Serv's, Inc.*, 346 F.3d 908, 921-23 (9th Cir. 2003) (dismissing FLSA claim as barred by *res judicata* where employee had previously litigated overtime claim under state law); *Molina v. Sea-Land Serv's., Inc.*, 2 F. Supp. 2d 180, 184-84 (D.P.R. 1997) (same). Assuming Plaintiff is unsuccessful in his Rule 23 class action because the Court determines that alleged "off the clock work" is not compensable under the FLSA, any employee who failed to opt out of the Rule 23 class action would be barred from later asserting a similar claim under the FLSA, notwithstanding the absence of any written consent. This is *precisely* the result Congress barred when it enacted Section 216(b)'s opt in requirement. *See Ellis v. Edward D. Jones & Co., L.P.*, -- F. Supp. 2d --, 2007 WL 4426615, at *18 (W.D. Pa. Dec. 18, 2007) ("The preclusive effect of decision on the state claims, which prevents anyone swept into a Rule 23 class from litigating similar claims under the FLSA *unless he opts out of the Rule 23 class*, likewise destroys employees' rights under the FLSA.").

## II.  Plaintiff's Rule 23 Unjust Enrichment Claim Should Be Dismissed Because It Is Inherently Incompatible With The FLSA.

Additionally, the Court should dismiss Plaintiff's unjust enrichment claim under Rule 23 because Rule 23 and Section 216(b) "are mutually exclusive and irreconcilable." *See Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975) (quotation/citation omitted).) Again, Congress enacted the FLSA's opt-in requirement to ensure that FLSA plaintiffs bring claims in "their own right" by taking affirmative steps to join a collective action, and to relieve employers of the burden of representative actions. *See Sperling*, 493 U.S. at 173.

In light of Congress's clear intent, courts have routinely barred plaintiffs from bringing state law class actions for overtime as "inherently incompatible" with the FLSA. *See, e.g., Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-2266, 2007 WL 4546100, at *5 (D.N.J. Dec. 19,

2007); *Ellis v. Edward D. Jones & Co.*, No. 06-66, 2007 WL 4426615, at *8-*11 (W.D.Pa. Dec. 18, 2007) (collecting cases); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006); *Moeck*, No. 03-1950, 2006 WL 42368, at *5 (D. N.J. Jan. 2, 2006). These courts uniformly recognize that allowing plaintiffs "to circumvent the opt-in requirement and bring unnamed parties into federal court" by pleading FLSA claims under state law causes of action would "undermine Congress's intent to limit these types of claims to collective actions." *Moeck*, 2006 WL 42368, at *5; *see also Otto*, 457 F. Supp. 2d at 524 ("To allow an [FLSA] opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting . . . [the] opt-in requirement.").

Like many plaintiffs before him, Plaintiff seeks to maintain *both* an FLSA opt-in collective action and a state law opt-out class action based on Defendants' alleged failure to compensate him in accordance with the FLSA. However, as the decisions cited above recognize, permitting this tactic would effectively nullify Congressional intent embodied in the FLSA. *See, e.g., Otto*, 457 F. Supp. 2d at 524. Accordingly, the court should dismiss Plaintiff's unjust enrichment claim under Rule 23 on the additional basis that it is incompatible with the FLSA's opt-in requirement.

### III. Litigating Plaintiff's State Law Claim Under Rule 23 Would Violate The Rules Enabling Act By Abridging The Substantive Rights Of Absent Class Members And Defendants.

Permitting Plaintiff to use Rule 23 to proceed with his FLSA-based unjust enrichment claim on an opt-out basis would also violate the REA. The REA prohibits use of procedural rules when their application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). The Supreme Court has made clear that Rule 23 does not create any substantive rights and its application is limited by the REA. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,

612-13 (1997) ("[We are] mindful that Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act."); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 1:2 ("[I]t should be recognized that a class action is a procedural device. . . . Significantly, procedural Rule 23 cannot be construed to . . . abridge, modify, or enlarge any substantive right" (citing the REA)).

Section 216(b), on the other hand, creates substantive rights for both employers and employees. As the United States Department of Labor has explained:

> Section 16(b) of the FLSA [29 U.S.C. § 216(b)] unambiguously provides employees the right not to have their statutory claims litigated without their written consent. . . . The advance written consent requirement, as distinguished from procedural provisions in the FLSA, goes to an employee's fundamental right not to be included as a plaintiff in a lawsuit or arbitration. Thus, in the Secretary's view, the right to participate in a collective action only upon submission of one's written consent *is a substantive right*.

Secretary of Labor Amicus Brief in *Long John Silver's Rests., Inc. v. Cole*, No. 05-CV-3039 (D.S.C. Filed Dec. 13, 2005) (emphasis added). Likewise, Congress granted employers the substantive right to defend claims for unpaid overtime only against individuals who affirmatively opt into an action. *See Sperling*, 493 U.S. at 173 (recognizing that the FLSA was enacted for "the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions"); *Ellis*, 2007 WL 4426615, at *15-18 (recognizing that Section 216(b) creates substantive rights for both employers and employees).

In this case, permitting Plaintiff to use Rule 23 to litigate factual and legal issues underlying his FLSA claim would abridge the *substantive* rights of absent class members by adjudicating their FLSA rights without their written consent. As explained above (*supra* at 7-8),

any determination by this Court as to Plaintiff's FLSA rights underlying his unjust enrichment claim would, under the doctrine of *res judicata*, necessarily determine those same rights as to every class member who failed to opt out of the action, even without their written consent. Likewise, permitting Plaintiff's proposed opt-out class action would abridge the substantive right Congress conferred upon Defendants to litigate overtime claims only against those who affirmatively opt into a collective action. Indeed, the authors of Rule 23 themselves recognized that, as a procedural rule, its opt-out provisions must yield to the substantive rights set forth in Section 216(b). *See* Fed. R. Civ. P. 23 Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended.").

Accordingly, in light of the REA's clear prohibitions against the abridgement of substantive rights by rules of procedure, the Court should reject Plaintiff's attempt to litigate his state law claim as a class action under Rule 23. *See Ellis*, 2007 WL 4426615, at *18 ("Allowing the prosecution of hybrid lawsuits [i.e., litigating overtime claims in tandem under Rule 23 and Section 216(b)] on the same claims goes far beyond the merely incidental violation of litigants' rights – instead it expunges them. . . . Rule 23's thoroughgoing abrogation of statutorily secured rights must rebut its presumption of validity as applied to hybrid actions involving FLSA claims.")

## CONCLUSION

For all of these reasons, Defendants respectfully request that the Court dismiss Plaintiff's unjust enrichment claim (Count II) and strike all Rule 23 class action allegations in his Second Amended Complaint.

Respectfully submitted,

Dated: January 30, 2008

Rosalee M. McNamara (Local Counsel)
Lathrop & Gage L.C.
2345 Grand Blvd.
Kansas City, MO  64108
Tel.:  (816) 460-5604
Fax:  (816) 292-2001
e-mail:  rmcnamara@lathropgage.com

/s Sari Alamuddin

Sari M. Alamuddin (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Fifth Floor
Chicago, IL  60601
Tel.:  (312) 324-1000
Fax.:  (312) 324-1001
e-mail:  salamuddin@morganlewis.com

Sam S. Shaulson (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178-0060
Tel:  (212) 309-6718
Fax:  (212) 309-6273
e-mail:  sshaulson@morganlewis.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was electronically filed with the Court this 30th day of January, 2008, which will send a notice of electronic filing to the following counsel of record:

>George A. Hanson
>Virginia Stevens Crimmins
>Stueve Sigel Hanson, LLP
>460 Nicholas Road, Suite 200
>Kansas City, MO 64112
>
>Attorneys for Plaintiff

/s Sari Alamuddin

One of Defendants' Attorneys