IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TOLANDA OSBY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITIGROUP, INC., et al., | ) ) | Case No. 07-cv-06085-NKL |
| Defendants. | ) ) ) ) | |

**ORDER**

Plaintiffs are current or former call center employees who have brought suit against Defendants Citigroup, Inc., Citigroup N.A., and Citicorp Credit Services, Inc. (USA) (collectively, "Citigroup"), for unjust enrichment under Missouri law and for violation of the Fair Labor Standard Act's ("FLSA") overtime and minimum wage requirements. Pending before the Court is Citigroup's Motion for Judgment on the Pleadings and to Strike Fed. R. Civ. P. 23 Class Action Allegations [Doc. # 58]. For the reasons stated herein, Citigroup's Motion is denied.

**I. Plaintiffs' Allegations**

Citigroup is a financial services company which provides banking, lending, credit card and insurance services to customers nationwide. (Second Am. Compl. ¶ 1). Citigroup's call center employees "take calls from or make calls to new or existing"

1

Citigroup customers in order to provide customer service. *Id*. ¶ 12. Plaintiffs allege that Citigroup does not permit call center employees to clock in until they are ready to take or make their first call of the day. *Id*. ¶ 16. Similarly, Citigroup requires call center employees to clock out immediately after their last call of the day. *Id*. According to Plaintiffs, Citigroup does not pay call center employees for time spent logging into a computer; opening relevant programs and software applications; reviewing memoranda and email; summarizing notes from previous telephone calls; and, completing other essential tasks. *Id*. ¶ 15. Plaintiffs allege that it is Citigroup's "policy and practice . . . to deny earned wages and overtime pay to its telephone-dedicated hourly employees at its call center facilities." *Id*. ¶ 1.

Plaintiffs bring their action under Fed. R. Civ. P. 23 ("Rule 23") for unjust enrichment claims based on Missouri law and under 29 U.S.C. § 216(b) ("216(b)") for collective claims based on the FLSA. Citigroup argues that Plaintiffs' state law claims are preempted; Plaintiffs' unjust enrichment claims are inherently incompatible with FLSA; and, litigating Plaintiffs' state law claims under Rule 23 would violate the Rules Enabling Act by abridging the rights of absent class members and defendants.

## II.  Discussion

When considering a motion for a judgment on the pleadings, the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmovant. *See Syverson v. Firepond, Inc.,* 383 F.3d 745, 749 (8th Cir. 2004) (citation omitted). "Judgment on the pleadings is appropriate where

2

no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002)). The standard of review for a Rule 12(c) motion is essentially the same as for Rule 12(b)(6). *See Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990)). "[A] complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007). "This does not require heightened fact pleading . . . . '[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Id.*

## A. FLSA Preemption

Citigroup argues first that Osby's unjust enrichment claim is based on the same core facts as the FLSA claim and is therefore preempted by federal law. State law is preempted if the Court determines that (1) Congress expressly preempts state law; (2) Congress has regulated pervasive conduct in a field manifesting its intent to preempt state law; or (3) the state law conflicts with federal law. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990); *see also Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, 98 (1992)

Although state law claims sharing core facts with FLSA claims may be preempted, *Roble v. Celestica Corp.*, 2006 U.S. Dist. LEXIS 94067 (D. Minn. Dec. 29, 2006) (citation omitted), the FLSA does not expressly preempt all state law causes of action, 29 U.S.C. § 218(a), even when there is a common core of operative facts. *Huang v. Gateway*

*Hotel Holdings*, 520 F. Supp. 2d 1137, 1141 (E.D. Mo. Oct. 18, 2007) (citing *Medina v. Chas Roberts Air Conditioning, Inc.,* 2006 U.S. Dist. LEXIS 56020 (D. Ariz. July 24, 2006)). Nor did Congress pervasively regulate the field of wage claims as "there is a remaining area which is the subject for appropriate state regulation." *Goldberg v. Wade Lahar Const. Co.,* 290 F.2d 408, 414 (8th Cir. 1961).

Citigroup cites *Anderson v. Sara Lee Corporation*, 508 F.3d 181, 193 (4th Cir. 2007), for the proposition that the FLSA preempts claims that "depend on establishing that [the employer] violated the FLSA." *See also Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791 (E.D. Va. Sept. 11, 2006). However, in this case, Plaintiffs assert that their unjust enrichment claims will not depend on establishing that Citigroup violated the FLSA. For example, Plaintiffs assert that some call center employees may have been paid an hourly rate that exceeds federal minimum wage, but did not work 40 hours in a seven-day period, but, nevertheless, performed work for Citigroup which went unpaid. (Doc. 61, 3). This claim is consistent with Plaintiffs' Second Amended Complaint, and satisfies the minimal showing required to survive a motion for judgment on the pleadings. *Roble v. Celestica Corp.*, 2006 U.S. Dist. LEXIS 94067 (D. Minn. Dec. 29, 2006) ("While additional discovery may reveal that plaintiffs' common law claims are in fact duplicative of the statutory claims, the Court cannot conclude at this stage of the proceedings that the underlying [breach of contract, unjust enrichment, quantum meruit] claims are preempted by the FLSA.").[1]

---

[1] In its reply, Citigroup claims that "the factual allegations underpinning both claims, and the proof required to establish those claims, are not merely "similar" . . . but *identical*." (emphasis in

4

## B.     Rule 23 Conflicts with 216(b) Collective Actions

Citigroup next argues that state law class actions brought under Rule 23 stand as an obstacle to the methods by which Congress sought to enforce the FLSA. According to Citigroup, Congress intended to "prevent[] large group actions, with their vast allegations of liability, from being brought on behalf of employees with no real involvement in, or knowledge of, the lawsuit." *Cameron-Grant v. Maxim Healthcare Serv's, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003). For purposes of this action, the clearest statement on this issue was made by the Eighth Circuit in *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975) ("There is a fundamental, irreconcilable difference" between the Rule 23 class action and the FLSA § 16(b) class action.). However, *Schmidt* involved Plaintiffs' request to certify a Rule 23 class for "minimum wages and overtime compensation" due under the FLSA. The Plaintiffs do not contend that they are entitled to a Rule 23 class for minimum wage or overtime claims brought under the FLSA and, indeed, are proceeding with a 216(b) class on those claims.

---

original). Yet Plaintiffs need only show facts consistent with the allegations in the complaint - it is too early to determine whether Plaintiffs' theoretical non-overtime-but-uncompensated employee exists. If that employee exists, then the facts necessary to establish the FLSA claim and the unjust enrichment claim are not identical. Citigroup also claims that both claims rely on Plaintiff showing that Citigroup unjustly benefitted from "work, as defined by the FLSA, for which class members were not paid." (Doc. 61, 8). The FLSA itself does not define "work" and activities encompassed within the meaning of "work" as defined by courts, the Secretary of Labor, employers and plaintiffs is constantly disputed. *See Lugo v. Farmer's Pride, Inc.*, 2008 U.S. Dist. LEXIS 3232 (E.D. Pa. Jan. 15, 2008). If state law does not define work in this context , FLSA precedent may be one relevant consideration in defining under state law what work is. The claim described by Plaintiffs, however, would ultimately be based on state, not federal, law.

Among district courts in the Eighth Circuit, the most thorough review of whether a Rule 23 action under state law may ever coexist with a 216(b) collective action was undertaken by Judge Reade of the U.S. District Court for the Northern District of Iowa. *See Salazar v. AgriProcessors, Inc.*, 527 F. Supp. 2d 873 (N.D. Iowa Oct. 22, 2007). In her opinion, Judge Reade addressed conflicting authority from the D.C. Circuit Court of Appeals and the Third Circuit Court of Appeals. In *Lindsay v. Gov't Employee's. Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006), the D.C. Court of Appeals concluded that the FLSA's collective action statute did not include express language prohibiting supplemental jurisdiction over state law claims and thus exercise of supplemental jurisdiction was proper. Judge Reade also analyzed the Third Circuit Court of Appeals' decision in *DeAsencio v. Tyson Foods, Inc.,* 342 F.3d 301 (3d Cir. 2003), in which the Third Circuit determined that supplemental jurisdiction for state common law claims was inappropriate in an FLSA suit when the state-law claim would substantially predominate over the FLSA claim, and novel and complex issues of state law were present. *Id.* at 309-10. The Third Circuit also cited to the legislative history of the FLSA, noting that Congressional intent was "another countervailing interest in relegating the [state-law] claims . . . to state court . . . ." *Id.* at 306-07, 310 Ultimately, Judge Reade rejected the reasoning of the Third Circuit and instead adopted the D.C. Circuit's opinion that FLSA collective claims and state law Rule 23 claims could coexist.

The Court agrees with the conclusion reached by Judge Reade. Here, exercise of supplemental jurisdiction over the purported state claim identified by Plaintiffs will not

6

raise any conflicts with the FLSA. If additional claims are raised by the Plaintiffs, at the time of class certification motions, the Court can revisit the issue.[2] It is simply too early to determine that Plaintiffs' claims may not go forward together where there is no evidence that the FLSA claims and the state law claims could not be fairly adjudicated together. *See Lindsay,* 448 F.3d at 418; *see also Brickey v. Dolencorp, Inc.,* No. 06-CV-6084L, 244 F.R.D. 176, 2007 U.S. Dist. LEXIS 64043, 2007 WL 2460613, *1-2 (W.D.N.Y. Aug. 29, 2007) (rejecting defendants' argument that the court should dismiss the plaintiffs' Rule 23 claims on supplemental jurisdiction grounds, and declining to dismiss the state law claims under Federal Rule of Civil Procedure 12 (c); *Ellison v. Autozone Inc.,* No. C06-07522 MJJ, 2007 U.S. Dist. LEXIS 70187, 2007 WL 2701923, *2-3 (N.D. Cal. Sept. 13, 2007) (denying a motion to strike state law claims due, in part,

---

[2]District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state actions are legion. *See e.g. McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304 , 311 (D. Mass. 2004); *Goldman v. Radioshack Corp.,* 2003 U.S. Dist. LEXIS 7611, 2003 WL 21250571, at *2- 3 (E.D. Pa. Apr. 16, 2003); *Chavez v. IBP, Inc.,* 2002 U.S. Dist. LEXIS 24598, 2002 WL 31662302, at *2-5 (E.D. Wash. Oct. 28, 2002); *Beltran-Benitez v. Sea Safari, LTD.,* 180 F. Supp. 2d 772, 773-74 (E.D.N.C. 2001). As are district court cases declining supplementary jurisdiction over Rule 23 actions. *See e.g. Otto v. Pocono Health Sys.,* 457 F. Supp. 2d 522, 523-24 (M.D. Pa. 2006) ("Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claim in their own right and freeing employers from the burden of representative actions." (quotations and citations omitted.)); *Williams v. Trendwest Resorts, Inc.,* No. 2:05-CV-0605-RCJ-LRL, 2007 U.S. Dist. LEXIS 62396, 2007 WL 2429149, *4 (D. Nev. Aug. 20, 2007) (dismissing the plaintiff's state law claims and allowing the FLSA claim because allowing both claims would allow the plaintiff to "circumvent the restrictive opt-in requirements of the FLSA" where 1,578 notices were sent to potential class members and only 194 class members affirmatively opted-in); *see also Ramsey v. Ryan Beck & Co., Inc.,* Civil Action No. 07-635, 2007 U.S. Dist. LEXIS 56129, 2007 WL 2234567, *2 (E.D. Pa. Aug. 1, 2007) (collecting cases and stating that "permitting a FLSA collective action to be litigated with a Rule 23 state-law class action would 'nullify Congress's intent in crafting . . . § 216(b) and eviscerate the purpose of § 216(b)'s opt-in requirement.'" (quoting *Otto,* 457 F. Supp. 2d at 524)).

7

to the fact that the case was at an early stage). This is particularly so now that there is an independent basis for federal jurisdiction pursuant to the Class Action Fairness Act.

### C. Litigating State Law Claims under Rule 23 Will Not Violate the Rules Enabling Act

Finally, Citigroup argues that litigating state law claims under Rule 23 would "abridge, enlarge or modify [a] substantive right" in violation of the Rules Enabling Act 28 U.S.C. § 2072(b). The argument is a variation on Citigroup's assertion that 29 U.S.C. § 216(b) provides the exclusive procedure for Plaintiffs' collective claims, and permitting them to proceed under Rule 23 with state law claims would abridge the substantive rights guaranteed under the FLSA because Plaintiffs' claims cannot be litigated without their consent.

While some district courts have refused to simultaneously adjudicate federal and state wage claims, few have relied upon or even referred to the Rules Enabling Act. *See Sjoblom v. Charter Communs., LLC*, 2007 U.S. Dist. LEXIS 93879 (W.D. Wisc. Dec. 19, 2007) (citing *Neary v. Metropolitan Property and Casualty Insurance Company*, 472 F. Supp. 2d 247, 250-51 (D. Conn. 2007); *Westerfield v. Washington Mutual Bank*, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007)). As Plaintiff correctly notes, the only courts that have addressed the argument that the Rules Enabling Act prohibits Rule 23 state law wage claims to be brought with FLSA collective actions have "uniformly and squarely rejected it." *Id*. (citing *Farhy v. Janney Montgomery Scott, LLC*, 2007 U.S. Dist. LEXIS 39112 (E.D. Pa. Apr. 26, 2007); *Neary*, 472 F. Supp. 2d at 250-51).

Citigroup supports its Rules Enabling Act argument with an amicus letter submitted by the Secretary of the United States Department of Labor in support of a federal court action to vacate an arbitration award. (Doc. 59, 10) (Dec. 13, 2005 Amicus Letter from Secretary of Labor in *Long John Silver's Restaurants, Inc. v. Cole*, 409 F. Supp. 2d 682 (D.S.C. 2006)). In the letter, the Secretary stated that "the right to participate in a collective action only upon submission of one's written consent is a substantive right, and therefore cannot be waived." *Id*. However, as noted by the court in *Sjoblom,* this statement was made "in the context of a case in which the arbitrator refused to apply the opt-in requirement of § 216(b)." (citing *Westerfield*, 2007 U.S. Dist. LEXIS 54830, 2007 WL 2162989, at *1). For that reason, it does not establish that the opt-in provisions of § 216(b) provide a substantive right within the meaning of the Rules Enabling Act.

Even if the right to opt in is substantive, that right is not modified or abridged in any way by permitting a state law opt-out class to proceed alongside the federal opt-in collective action in the same case. *Id*. (citing *Westerfield*, 2007 U.S. Dist. LEXIS 54830, 2007 WL 2162989, at *1). The FLSA does not preempt state wage and hour laws. 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law . . . .")

### III. Conclusion

Accordingly, it is hereby

9

ORDERED that Citigroup's Motion for Judgment on the Pleadings and to Strike Fed. R. Civ. P. 23 Class Action Allegations [Doc. # 58] is DENIED.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: May 14, 2008
Kansas City, Missouri