IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TOLANDA OSBY, *et al.* ) | |
| ) | |
| Plaintiffs, ) | Case No. 5:07-CV-06085-NKL |
| ) | |
| v. ) | |
| ) | Judge Nanette K. Laughrey |
| CITIGROUP INC., CITIBANK NA, and ) | |
| CITICORP CREDIT SERVICES, INC. ) | |
| (USA), ) | |
| ) | |
| Defendants. ) | |

**FINAL ORDER APPROVING SETTLEMENT
AND DISMISSING ACTION WITH PREJUDICE**

After having fully and carefully reviewed the proposed Confidential Stipulation and Settlement Agreement ("Settlement Agreement"), as well as the forms for the releases of the Current Plaintiffs and those who elect to opt-in this Litigation, the Court hereby finds, for the good cause shown, that the Settlement Agreement was negotiated at arms length by the parties, and that the Settlement Agreement is a fair, equitable, and reasonable resolution of a *bona fide* dispute in contested litigation; the Court hereby ORDERS that:

1. The Settlement Agreement is APPROVED as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation. The form of (a) the Confidential Agreement and General Release (attached as Exhibit 2 to the Settlement Agreement), (b) the Confidential Release Agreement (attached as Exhibit 3 to the Settlement Agreement), (c) the Confidential Opt-in and Release Agreement (attached as Exhibit 4 to the Settlement Agreement), and (d) the Cover Letter to Class Members (attached as Exhibit 5 to the Settlement Agreement) are also APPROVED.

2. Moreover, the formula for distribution of settlement payments set forth in the Settlement Agreement is APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment by Defendants to the Current Plaintiffs and Participating Class Members;

3. Solely for purposes of settlement, this case is certified as a collective action under Section 16(b) of the Fair Labor Standards Act (FLSA) defined as follows:

> The current and former Call Center Telephone Representatives employed by any of Defendants at the Kansas City, Missouri call center during the three-year period preceding the Court's approval of this settlement.

4. Stueve Siegel Hanson LLP is appointed as Class Counsel for the FLSA collective action.

5. The attorneys' fees and costs, the service awards, and the payments to Current Plaintiffs and Participating Class Members, in the amounts set forth in the Settlement Agreement, are APPROVED; Defendants are hereby ORDERED to pay Current Plaintiffs, Participating Class Members, and Class Counsel in accordance with and subject to the terms of the Settlement Agreement.

6. The stipulations outlined in the Joint Stipulation Regarding Settlement Administration, filed by the Parties under seal and pursuant to the Court request, are APPROVED. Within ten (10) days of the close of the Notice and opt-in period, Plaintiffs' Counsel will provide the Court (via confidential letter which will be filed by the Court as a sealed document on ECF) a summary of the results of the Notice and opt-in process.

7. The Court will accept the filing of the consent to join forms for any Class Member who timely and properly elects to opt-in to this litigation in accordance with and subject to the terms of the Settlement Agreement.

8. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, (b) of an adjudication of the merits of this case or that any party has prevailed in this case, or (c) that the Defendants or others have engaged in any wrongdoing.

9. Per the terms and conditions of the parties' Settlement Agreement, the Court will retain continuing jurisdiction for purposes of the (1) implementation of the settlement and any award or distribution of the settlement payments, (2) construction, enforcement, and administration of the Settlement Agreement, and (3) submission to the Court of consent to opt-in forms from those Participating Class Members who timely and properly elect to opt-in this litigation, in accordance with and subject to the terms of the Settlement Agreement. *See Kokkohnen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement); *see also Davis v. NovaStar,* 04-0956-CV-W-FJG, Order (W.D. Mo. Oct. 13, 2006) (dismissing FLSA case with prejudice but retaining jurisdiction over settlement).

Accordingly, this case is DISMISSED WITH PREJUDICE, with the Court retaining continuing jurisdiction as set forth herein.

SO ORDERED this 22nd day of June, 2009

s/ NANETTE K. LAUGHREY  
Judge Nanette K. Laughrey